OFFICIAL LOCAL FORM 3

**UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS**

**FOURTH AMENDED CHAPTER 13 PLAN COVER SHEET**

| | | | |
|---|---|---|---|
| Filing Date: | 3/09/17 | Docket #: | **17-10812** |
| Debtor: | **Donna L Williams** | Co-Debtor: | |
| SS#: | **xxx-xx-2750** | SS#: | |
| Address: | **111 Garfield Ave.**<br>**Hyde Park, MA 02136** | Address: | |
| Debtor's Counsel: | **William P. Brearley, Esq.** | | |
| Address: | **30 Eastbrook Rd. Ste. 201**<br>**Dedham, MA 02026** | | |
| Telephone #: | **(617)224-6122** | | |
| Facsimile #: | **(781)326-8222** | | |

**ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.**

**YOU WILL RECEIVE A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.**

**PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL THIRTY (30) DAYS AFTER THE § 341 MEETING OR THIRTY (30) DAYS AFTER THE SERVICE OF AN AMENDED OR MODIFIED PLAN TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.**

**OFFICIAL LOCAL FORM 3**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**

**PRE-CONFIRMATION CHAPTER 13 PLAN**

FOURTH AMENDED CHAPTER 13 PLAN

Docket No.: **17-10812**

DEBTOR(S):   (H)  **Donna L Williams**     SS# **xxx-xx-2750**
(W)                     SS#

## I. PLAN PAYMENT AND TERM:

Debtor's shall pay monthly to the Trustee the sum of $ **1,275.00** for the term of:

☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);

☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);

☑ 60 Months. 11 U.S.C. § 1322(d)(2). Debtor avers the following cause:
**The Debtor requests additional time to cure mortgage arrears**                                          ;or

☐ ____ Months. The Debtor states as reasons therefore:

## II. SECURED CLAIMS

A. Claims to be paid through the plan (including arrears):

| Creditor | Description of Claim (pre-petition arrears, purchase money, etc.) | Amount of Claim |
|---|---|---|
| **Bank of America** | **Pre-petition arrears** | $ **20,866.90** |
| **SETERUS** | **Pre-petition arrears** | $ **46,774.00** |

Total of secured claims to be paid through the Plan  $ **67,640.90**

B. Claims to be paid directly by debtor to creditors (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| **Bank of America** | **Agreement** |
| **Nationstar Mortgage** | **Agreement- Debtor has been approved for a loan modification. Creditor has filed a copy of the modification agreement with this Court. Debtor intends to continue with this new agreement outside of the plan.** |
| **SETERUS** | **Agreement** |

C. Modification of Secured Claims:

| Creditor | Details of Modification (Additional Details May Be Attached) | Amt. of Claim to Be Paid Through Plan |
|---|---|---|
| **Discover Bank** | **This lien impairs Debtor's declared Homestead exemption. (See 522(f)) Upon confirmation and completion of this Plan, Creditor, its successors and assigns agree to return the original Execution on money judgment to the originating court marked "Satisfied" within 30 days.** | 0.00 |

D. Leases:

    i.  The Debtor(s) intend(s) to reject the residential/personal property lease claims of **-NONE-** ; or

    ii.  The Debtor(s) intend(s) to assume the residential/personal property lease claims of **-NONE-** .

    iii.  The arrears under the lease to be paid under the plan are **0.00**.

## III. PRIORITY CLAIMS

A. Domestic Support Obligations:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

B. Other:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

Total of Priority Claims to Be Paid Through the Plan  $ **0.00**

## IV. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ **0.00**

B. Miscellaneous fees:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| **-NONE-** | $ | |

C. The Chapter 13 Trustee's fee is determined by Order of the United States Attorney General. The calculation of the Plan payment set forth utilizes a 10% Trustee's commission.

## V. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of **14**% of their claims.

  A. General unsecured claims: $ **0.00**

B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Discover Bank | Judgment Lien | $ 8,751.00 |

C. Non-Dischargeable Unsecured Claims:

| Creditor | Description of claim | Amount of Claim |
|---|---|---|
| -NONE- | | $ |

Total of Unsecured Claims (A + B + C):    $ 8,751.00

D. Multiply total by percentage: $ **1,209.10**
(Example: Total of $38,500.00 x .22 dividend = $8,470.00)

E. Separately classified unsecured claims (co-borrower, etc.):

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

Total amount of separately classified claims payable at ____%    $ 0.00

## VI. OTHER PROVISIONS

A. Liquidation of assets to be used to fund plan:

B. Miscellaneous provisions:

- Debtor intends to "surrender" any interest she has in property located at 7700 Westgate Blvd. Kisssemmee, FL 34747 (Time Share Agreement will be null and void through this plan. Debtor intends to discontinue payments under this agreement and make the property "available" to Creditor in satisfaction of this claim)

- Debtor intends to "surrender" any interest she has in property located at Bella Florida Condo Association, Atlanta GA 30348. (Time Share Agreement will be null and void through this plan. Debtor intends to discontinue payments under this agreement and make the property "available" to Creditor in satisfaction of this claim)

## VII. CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---|
| A) Secured claims (Section I-A Total): | $ | 67,640.90 |
| B) Priority claims (Section II-A&B Total): | $ | 0.00 |
| C) Administrative claims (Section III-A&B Total): | $ | 0.00 |
| D) Regular unsecured claims (Section IV-D Total):+ | $ | 1,209.10 |
| E) Separately classified unsecured claims: | $ | 0.00 |
| F) Total of a + b + c + d + e above: | =$ | 68,850.00 |
| G) Divide (f) by .90 for total including Trustee's fee: | | |
| Cost of Plan= | $ | 76,500.00 |

(This represents the total amount to be paid into the Chapter 13 plan)

H. Divide (G), Cost of Plan, by Term of Plan,    **60** months
I. Round up to nearest dollar for Monthly Plan Payment:    $ **1,275.00**

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a

plan within thirty (30) days after the petition is filed. Pursuant to 11 U.S.C. §1326(a)(1)(C), the debtor shall make preconfirmation adequate protection payments directly to the secured creditor.

**VIII.　LIQUIDATION ANALYSIS**

A.　Real Estate:

| Address | Fair Market Value | Total Amount of Recorded Liens (Schedule D) |
|---|---|---|
| **111 Garfield Ave. Hyde Park, MA 02136 Suffolk County** | $ 444,000.00 | $ 294,409.40 |
| **8845 Southampton Dr. Mirimar, FL 33025 Broward County** | $ 191,590.00 | $ 271,106.57 |
| **7700 Westgate Blvd. Kissimmee, FL 34747 Osceola County** | $ 0.00 | $ 0.00 |
| **Bella Florida Condo Assoc. Atlanta, GA 30348  Fulton County** | $ 0.00 | $ 0.00 |
| **760 Long Distance Ln. Fort Myers, FL 33901 Lee County** | $ 0.00 | $ 0.00 |

Total Net Equity for Real Property:　$　149,590.60
Less Exemptions (Schedule C):　　　 $　149,590.60
Available Chapter 7:　　　　　　　　$　　　　0.00

B.　Automobile (Describe year, make and model):

| | | | | | |
|---|---|---|---|---|---|
| **2007 Jeep Commando 158000 miles** | Value $ | 2,610.00 | Lien $ 0.00 | Exemption $ | 2,610.00 |
| **2007 Toyota Tacoma 68000 miles** | Value $ | 3,421.00 | Lien $ 0.00 | Exemption $ | 3,421.00 |

Total Net Equity:　　　　　　　　　$　6,031.00
Less Exemptions (Schedule C):　　　 $　6,031.00
Available Chapter 7:　　　　　　　　$　0.00

C.　All other Assets (All remaining items on Schedule B):　(Itemize as necessary)
**Misc. Household Furnishings**
**Laptop Computer**
**Wedding Band**
**Checking (xxxxxx 2750): Bank of America Checking**

Total Net Value:　　　　　　　　　$　1,052.00
Less Exemptions (Schedule C):　　　 $　1,052.00
Available Chapter 7:　　　　　　　　$　0.00

D.　Summary of Liquidation Analysis (total amount available under Chapter 7):

Net Equity (A and B) plus Other Assets (C) less all claimed exemptions:　$　0.00

E.　Additional Comments regarding Liquidation Analysis:

**IX. SIGNATURES**

Pursuant to the Chapter 13 rules, the debtor or his or her attorney is required to serve a copy of the Plan upon the Chapter 13 Trustee, all creditors and interested parties, and to file a Certificate of Service accordingly.

| | |
|---|---|
| **/s/ William P. Brearley, Esq.** | **September 7, 2017** |
| **William P. Brearley, Esq.** | Date |
| Debtor's Attorney | |
| Attorney's Address: **30 Eastbrook Rd. Ste. 201** | |
| **Dedham, MA 02026** | |
| Tel. #:  **(617)224-6122 Fax:(781)326-8222** | |
| Email Address:  **williambrearley1@verizon.net** | |

**I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.**

| | | |
|---|---|---|
| Date  **September 7, 2017** | Signature | **/s/ Donna L Williams** |
| | | **Donna L Williams** |
| | | Debtor |

Software Copyright (c) 1996-2017 Best Case, LLC - www.bestcase.com                                                                                                                                                        Best Case Bankruptcy